IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARINA VELASQUEZ-LOPEZ, | |
| Plaintiff, | **8:25CV263** |
| vs. | |
| VANNESSA, District Manager; and MIDWEST MAINTENANCE, | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff filed a Complaint on April 8, 2025, Filing No. 1, and was granted leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.    SUMMARY OF COMPLAINT

Plaintiff sues Midwest Maintenance, and its general manager, Vannessa, for termination of Plaintiff's employment. The following summarizes her Statement of Claims.

Plaintiff began her employment at Midwest Maintenance on March 3, 2025, and was terminated on March 10, 2025. She claims that during her first two days of work, she was denied breaks and lunch, and there were many other incidents that occurred during the week. She alleges she explained her situation to the defendants from the outset, and on Saturday, March 8, 2025, advised them that she was unable to complete her onboarding because her phone was broken. Plaintiff was sent home from work. Filing No. 1 at 4.

Plaintiff attempted to explain her situation again, stating her only option was to complete onboarding at the public library. She went to the public

library, but it was closed until Monday, March 10, 2025. On that date, the defendants terminated Plaintiff's employment. Plaintiff alleges she was terminated due to an abuse of power. *Id.*

Plaintiff does not allege that she submitted her claim to the U.S. Equal Employment Opportunity Commission (EEOC) or that she obtained an EEOC right-to-sue letter. She resides in Nebraska, and Midwest Maintenance was allegedly incorporated in the State of Nebraska with its principal place of business in Nebraska. Filing No. 1 at 4. The complaint does not state what relief Plaintiff is requesting.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

2

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS

A plaintiff's complaint must sufficiently state the grounds for exercising federal subject matter jurisdiction. Fed. R. Civ. P. 8(a)(1). A federal court must dismiss a case if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Subject matter jurisdiction is proper where a plaintiff asserts a non-frivolous claim arising under federal law, commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Here, Plaintiff does not allege that her employment termination violated federal law, and upon the Court's review, her allegations do not support a federal employment law claim. Moreover, a right-to-sue notice is a condition precedent to filing a federal discrimination claim, *Jones v. Am. State Bank*, 857 F.2d 494, 499–500 (8th Cir. 1988), and Plaintiff has not alleged that she obtained an EEOC right-to-sue letter. While the requirement of a right-to-sue notice is curable after the action is commenced, Plaintiff does not allege that she has or intends to file a discrimination charge with the EEOC. Plaintiff's complaint fails to state a claim arising under federal law. This court lacks federal question jurisdiction.

Plaintiff's right to recover in this case, if any, is based on Nebraska state law. In such cases, a federal court may have subject matter jurisdiction pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. Diversity jurisdiction exists if "the citizenship of each plaintiff is different from the citizenship of each defendant," *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001), and the amount in controversy is greater than $75,000.00. 28 U.S.C. § 1332(b). Here, Plaintiff and Defendant Midwest Maintenance are both Nebraska citizens and Plaintiff's complaint does not include allegations sufficient to show the amount in controversy meets or exceeds the jurisdictional requirement. Diversity jurisdiction is lacking.

## IV. CONCLUSION

Having liberally construed Plaintiff's pro se complaint, the Court concludes that Plaintiff's lawsuit must be dismissed for lack of subject matter jurisdiction.

Accordingly,

IT IS ORDERED:

1. This matter is dismissed without prejudice.
2. A separate judgment will be entered.

Dated this 24th day of September, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge